CHARLES D. EVANS, *Appellee*, v. SCHOOL DISTRICT No. 46 *et al.*, *Appellants*.

No. 16,222.

SYLLABUS BY THE COURT.

SCHOOL PRIVILEGES—*Right of Resident of Adjoining District.* A resident of a school district in which no school is held is entitled to the school privileges of an adjoining district in which he owns land, under the statute (Laws 1907, ch. 321, § 1) providing that one who owns land in a school district adjoining that of his residence may send his children to the school of that district when it is "more convenient by reason of distance from' the school of the district in which they live." For the purposes of the statute the nonexistence of a school in his own district is equivalent to the existence of one at an inconvenient distance.

Appeal from Reno district court; PETER J. GALLE, judge. Opinion filed December 11, 1909. Affirmed.

25—81 KAN.

*F. F. Prigg, C. M. Williams,* and *F. P. Hettinger,* for the appellants.

*Frank L. Martin,* for the appellee.

The opinion of the court was delivered by

MASON, J.: At the annual school meeting held in district No. 104 of Reno county it was voted to leave to the district board the question whether a school should be held for the ensuing year. By the decision of the board no school was held. Charles D. Evans, a resident of the district, undertook to send his child to the school of an adjoining district, No. 46, in which he owned land, claiming such right under this provision of the statute:

"The children of any property owner owning land in an adjoining school district . . . may have the privilege of attending school in such adjoining district without extra expense and tuition, when such school is more convenient by reason of distance from the school of the district in which they live." (Laws 1907, ch. 321, § 1.)

The school board of district No. 46 refused to accept the child without the payment of tuition. Evans brought mandamus to compel them to do so and was awarded a peremptory writ. The district now seeks to reverse the action of the trial court.

Evans lived nearer to the schoolhouse in his own district than to that in district No. 46. Therefore he was not within the strict letter of the law. As we construe the statute, however, he was within its spirit. By its terms the right of a nonresident to school privileges is made dependent upon two conditions—the ownership of land and consequent payment of taxes within the district, and the greater accessibility of its school. But these conditions are not of equal importance. The obvious reason—a very just one—for requiring a school to receive the children of a nonresident is that he contributes to its support. This is the

Evans v. School District.

whole basis of the privilege, as between the district and the taxpayer. The provision regarding distance relates to the nonresident's motive for claiming the benefit of the law. The legislative purpose was not to allow him to choose between two schools at his own pleasure—to select one, for instance, because of its having better equipment—so he was required to make use of the school of his own district unless by reason of its distance the other were more convenient. The requirement as to distance is a limitation upon the exercise of the right granted in consideration of the payment of taxes. The effect is the same as though the statute read that one who pays taxes in an adjoining district may send his children there to school unless the school in his own district is equally accessible—the existence of such a school being assumed. Whether the nonexistence of a school in district No. 104 was lawful is not material. The matter was not one within the control of Evans. The situation in which he found himself was this: He was a taxpayer of district No. 46. He wished to send his child there to school. There was no school in his own district at a more convenient distance, or at any distance. It was not merely difficult for his child to attend in his own district—it was impossible. Under these circumstances the absolute nonexistence of a home school is fairly to be regarded as a greater condition which included the less—the nonexistence of a home school at a convenient distance.

The judgment is affirmed.